IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-72,406-01




EX PARTE JEFFREY LEWIS LAIRD, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. CR06-218HC IN THE 4TH JUDICIAL DISTRICT COURT
FROM RUSK COUNTY




           Per curiam.

O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of capital murder
and sentenced to life imprisonment. The Sixth Court of Appeals affirmed his conviction. Laird v.
State, No. 06-07-00171-CR (Tex. App. – Texarkana, July 8, 2008). 
            Applicant contends that his appellate counsel rendered ineffective assistance because counsel
failed to timely notify Applicant that his conviction had been affirmed and failed to advise him of
his right to petition for discretionary review pro se.
            The trial court appointed counsel to represent Applicant, and held a hearing on this habeas
application. The trial court recommends granting Applicant the opportunity to file an out-of-time
petition for discretionary review. However, the habeas record contains neither an affidavit from
appellate counsel, nor a transcript of the habeas hearing. 
            The trial court shall supplement the habeas record with a copy of the habeas hearing
transcript. If appellate counsel did not testify at the habeas hearing, then the trial court shall also
provide appellate counsel with an opportunity to respond, via affidavit, to the allegations in
Applicant’s habeas writ, and shall supplement the record with a copy of such affidavit. 
            This application will be held in abeyance until the trial court has supplemented the record. 
A supplemental transcript containing all affidavits and interrogatories or the transcription of the court
reporter’s notes from any hearing or deposition, along with any supplemental findings of fact and
conclusions of law, shall be returned to this Court within 90 days of the date of this order. Any
extensions of time shall be obtained from this Court. 

Filed: September 23, 2009
Do not publish